# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 05 2020, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sally Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General

Anthony Smith
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John F. Jachimiak,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 5, 2020<br><br>Court of Appeals Case No.<br>20A-CR-416<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Elizabeth Hardtke,<br>Magistrate<br><br>Trial Court Cause No.<br>71D02-1909-CM-3374 |

**Mathias, Judge.**

[1] John F. Jachimiak appeals from a judgment of the St. Joseph Superior Court, arguing that insufficient evidence supports his conviction for criminal mischief, a Class B misdemeanor. Concluding that the evidence is sufficient to support his conviction, we affirm.

## Facts and Procedural History

[2] The events leading to Jachimiak's conviction for criminal mischief were precipitated by the end of his long-term relationship with Amelia Lazaro. The two had been engaged to be married for eight years and, since 2016, had lived together in a single-family home that Lazaro rented in St. Joseph County. In early 2016, Lazaro signed a one-year lease with property owner Liem Vu. Jachimiak did not sign the lease, but he lived there with the permission of both Vu and Lazaro and contributed to the security deposit, rent and utilities.

[3] When Lazaro's one-year lease expired, she and Vu verbally agreed that the lease would continue as a month-to-month tenancy. Two years passed under this arrangement, during which Lazaro, Jachimiak, and various roommates lived in the residence. Lazaro remained the only tenant named in the lease.

[4] Jachimiak and Lazaro ended their relationship in September 2019. Shortly after Jachimiak moved out and returned his keys, he returned to the residence in the middle of the night. Angry and locked out, Jachimiak yelled obscenities at Lazaro and her roommate and tried to kick in the front door. He did the same to the back door and refused Lazaro's demands to leave. St. Joseph County

police officers responded to the disturbance and arrested Jachimiak. An officer observed damage to the property's front and back doors.

[5] The State charged Jachimiak with criminal mischief, a Class B misdemeanor, on September 30, 2019. During the bench trial, Lazaro and Vu testified to the damage Jachimiak caused at the residence, which required Vu to replace one door in its entirety. Jachimiak admitted to kicking and damaging the doors and was subsequently found guilty as charged on January 24, 2020. This appeal followed.

## Discussion and Decision

[6] Our standard of review for claims of insufficient evidence is well settled. We consider only the probative evidence and reasonable inferences therefrom that support the trial court's judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility, and we will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Sallee v. State*, 777 N.E.2d 1204, 1208 (Ind. Ct. App. 2002), *trans. denied*.

[7] A person commits Class B criminal mischief when he "recklessly, knowingly, or intentionally damages or defaces property of another person without the other person's consent." Ind. Code § 35-43-1-2(a). "Property is that 'of another person' if the other person has a possessory or proprietary interest in it, even if an accused person also has an interest in that property." I.C. § 35-31.5-2-253(b).

[8] Jachimiak argues that there is insufficient evidence to support his conviction for criminal mischief because the State failed to prove that he damaged the "property of another person." I.C. § 35-43-1-2(a). Jachimiak contends that he owned the property that he damaged. Appellant's Br. p. 7. Yet he concedes that Vu is "the property owner." *Id.* at 8. Nevertheless, Jachimiak insists that his conviction for criminal mischief cannot stand because he had Vu's permission to be at the property; because he contributed to the security deposit, rent and utilities at the property; and because some of his personal effects remained at the property. *Id.*

[9] That Vu is the owner of the property whose doors were damaged by Jachimiak's actions is the only reasonable conclusion to be drawn from the evidence presented. Vu testified that he owned the property. He explained that he expected his renters, including Jachimiak, to be on the property but that Jachimiak did not have permission to damage any part of the property. Vu said that he repaired the damaged doors using the security deposit and that no additional funds were needed to repair the damage.

## Conclusion

[10] Jachimiak's appeal is a thinly veiled request that this Court reweigh the evidence, which we will not do. The State presented sufficient evidence of Jachimiak's late-night return to the property that Lazaro rented from property owner Vu. Jachimiak does not dispute that he caused damage to the doors. Accordingly, we affirm Jachimiak's conviction for Class B misdemeanor criminal mischief.

Affirmed.

Bradford, C.J., and Najam, J., concur.